[Crim. No. 549.  First Appellate District.—July 21, 1915.]

## THE PEOPLE, Respondent, v. TOM J. CHONG, Appellant.

CRIMINAL LAW—VIOLATION OF MEDICAL ACT—INSTRUCTIONS—TITLE OF ACT.—It is held in this prosecution for a violation of section 17 of the act of the legislature of 1913 for the regulation of the practice of medicine and surgery that there is no merit in the objection that the instructions of the court led the jury to believe that the defendant was charged with a violation of the laws of the

United States; nor in the point that the title of the act under which defendant was prosecuted is defective.

ID.—CONSTITUTIONALITY OF SECTION 8 OF MEDICAL ACT.—Section 8 of said act is not unconstitutional and void in that it is an unrestricted invasion of the art of osteopathy, chiropractice and mechanotherapy in preventing practitioners of said system of the healing art from practicing their profession "without in any manner severing or penetrating any of the tissues of the human being."

ID.—SECTIONS 9 AND 10 OF ACT CONSTITUTIONAL.—Sections 9 and 10 of said act are not unconstitutional and void in that the board of examiners are vested with power to arbitrarily determine the fitness of applicants and the standard of colleges as a matter of mere personal discretion or approval, without regard to a standard of academic or scientific proficiency or exactness. It was proper for the legislature to demand some standard of proficiency, and it was equally within its power to declare that such standard shall be the one prescribed by the medical board of examiners.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

Michelsen & Michelsen, for Appellant.

U. S. Webb, Attorney-General, and Louis H. Ward, for Respondent.

THE COURT.—The defendant was charged by information with violating section 17 of the act of the legislature of 1913 for the regulation of the practice of medicine and surgery. He was tried, convicted, and sentenced to imprisonment and to pay a fine. This appeal is from the judgment and from an order of the court denying his motion for a new trial.

There is absolutely no merit in defendant's objection that the instructions of the court led the jury to believe that the defendant was charged with a violation of the laws of the United States; nor in the point that the title of the act under which he was prosecuted is defective. The latter question was considered and decided in the recent case of *People* v. *Ah Fong,* 25 Cal. App. 724, [145 Pac. 153.]

Defendant contends that section 8 of the act is unconstitutional and void in that it is an unrestricted invasion of the

art of osteopathy, chiropractice, and mechanotherapy, in that it prevents practitioners of said systems of the healing art from practicing their profession "without in any manner severing or penetrating any of the tissues of the human being." Assuming, as asserted by defendant, that members of such schools, in practicing, as they do, by manipulation and adjustment, are constantly and continually severing tissues of human beings, and that the practice of their art is impossible without it, still it is very plain from a reading of the whole section that the word "sever" as therein used means a severance by cutting. Under one form of certificate the holders thereof, as provided in the act, may not only prescribe and use drugs, but may also sever and penetrate with a knife the tissues of human beings. The holders of other certificates are drugless practitioners, and they may not prescribe or use drugs, nor may they operate with a knife or in that way sever or penetrate the tissues of human beings, except that they may sever the umbilical cord.

The only other point seriously urged is that sections 9 and 10 of the act are unconstitutional and void, in that the board of examiners is vested with power to arbitrarily determine the fitness of applicants and the standard of colleges as a matter of mere personal discretion or approval, without regard to a standard of academic or scientific proficiency or exactness. This contention is disposed of by what is said in the cases of *Ex parte Gerino,* 143 Cal. 412, 418, [66 L. R. A. 249, 77 Pac. 166], and *Ex parte Whitley,* 144 Cal. 167, 177, [1 Ann. Cas. 13, 77 Pac. 879]. It was proper for the legislature to demand some standard of proficiency, and we think it was equally within its power to declare that such standard shall be the one prescribed by the medical board of examiners. In the Gerino case an applicant under the act of 1907, [Stats. 1907, p. 252], in order to be entitled to practice medicine, etc., must have graduated from some college or institution approved by the American Medical Association, while, according to the terms of the act under review, he must be a graduate of some college "approved by the board" of medical examiners. The Gerino case and the present one are similar in their facts so far as the point under discussion is concerned, and it must be held on the authority of that case that the contention of the defendant is without merit. It may not be amiss to add that by the terms of the present act, un-

like the old act, the applicant must not only have graduated from an approved college, but must also have studied for a certain prescribed length of time and have covered certain enumerated subjects, when, if the college from which he graduated, is one of those approved by the board, a certificate to practice medicine, etc., will be issued to him. These provisions are eminently fair and certainly not unconstitutional.

The judgment and order appealed from are affirmed.